OPINION
{¶ 1} Appellant, Farrell G. Belknap, Jr., appeals the February 11, 2002 judgment entry in which the Portage County Municipal Court, Ravenna Division, convicted and sentenced him for falsification of documents.
 {¶ 2} On September 20, 2001, a complaint was filed against appellant for telephoning a false 9-1-1 report of an intoxicated driver, a misdemeanor of the first degree, in violation of R.C.2921.13(A)(2). On September 21, 2001, appellant's first attorney, Craig M. Stephens ("Stephens"), filed a notice of representation. Stephens then orally motioned the court to withdraw from the case, which the trial court granted. On October 1, 2001, appellant's second attorney, Philip M. Vigorito ("Vigorito"), filed a notice of representation. Appellant entered a plea of not guilty to the charge on October 4, 2001. The record in the instant matter contained a motion to suppress filed on October 30, 2001, by Vigorito. However, that motion was filed on behalf of a Jonmichelle Welshans, who is not a party to this case. Therefore, the motion to suppress was withdrawn on December 5, 2001. On December 24, 2001, Vigorito filed a motion to withdraw from the case, which was granted on December 28, 2001.
 {¶ 3} On January 17, 2002, appellant's third attorney, Toni Marcheskie ("Marcheskie"), filed a notice of representation. On that same date, Marcheskie filed a motion to bifurcate the cases and have each case docketed and set for trial individually.[1] The case proceeded to a bench trial on February 11, 2002.
 {¶ 4} The facts in the instant matter are from a partial transcript of the bench trial filed with this court. Officer Mark Pfeiffer ("Officer Pfeiffer") of the Garrettsville Police Department testified that on September 6, 2001, while on patrol, he was informed by dispatch that a vehicle was heading his way "and the driver was going to be impaired in some way." Officer Pfeiffer testified that he was given the name of the driver, a description of the car, and was told that the driver could be under the influence of drugs and/or alcohol. Based on that report, he identified the described vehicle and watched the driver, Denise Moss ("Ms. Moss"), enter a daycare center to pick up her children. Ms. Moss then got in her car. According to Officer Pfeiffer, he followed directly behind her for about one quarter of a mile into downtown Garrettsville and did not observe any traffic violations. Nonetheless, Officer Pfeiffer proceeded to stop the automobile because he was concerned with the safety of the children. He testified that Ms. Moss was very cooperative. She admitted to having one alcoholic beverage in the past hour and agreed to submit to a horizontal gaze nystagmus ("HGN") field sobriety test. Officer Pfeiffer did not get any indicators from her eyes that there was any type of intoxication. He also did not witness any coordination or balance problems, nor did he smell an odor of alcohol on Ms. Moss's person.
 {¶ 5} Ms. Moss explained to Officer Pfeiffer that she and her ex-husband were in a custody battle. A few days later, she went to the police station and a sergeant from the police department played the 9-1-1 tape for her. Ms. Moss identified appellant's voice as the voice on the tape. Thereafter, appellant was charged with falsification.
 {¶ 6} In a February 11, 2002 entry, the trial court found appellant guilty of falsification and disorderly conduct. He was ordered to pay a $400 fine, of which $150 was suspended. Appellant was also sentenced to one hundred eighty days in jail, with the entire sentence suspended provided that he has no similar offense for two years, his fine and court costs are paid within sixty days, he successfully completes a psychological evaluation, and he has no direct or indirect contact with Ms. Moss or her children for three years. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 7} "[1.] Appellant was denied a fair trial and substantial justice due to the ineffective assistance of counsel he had prior to the trial of the case.
 {¶ 8} "[2.] Appellant was denied a fair trial and substantial justice due to the trial [c]ourt not holding the required hearing pursuant to [Civ.R. 42(B)] on [a]ppellant's [m]otion to [b]ifurcate.
 {¶ 9} "[3.] Appellant was denied a fair trial and substantial justice due to the trial [c]ourt admitting evidence commonly believed to be anonymous. Specifically the recording of a 1-800-GRABDUI call that was transferred to the Garrettsville Police [Department's] 911 dispatch by the Ohio State Highway Patrol.
 {¶ 10} "[4.] Appellant was denied a fair trial and substantial justice due to the [t]rial [c]ourt sustaining the [s]tate's [o]bjection to questioning Officer Pfeiffer, as line of questioning was assumed to have been determined in the [m]otion to [s]uppress [h]earing. Said [h]earing was never held because said [m]otion, improperly formatted; was withdrawn by prior counsel and not re-filed. Whereby, [a]ppellant could not challenge evidence presented against him. [sic]
 {¶ 11} "[5.] Appellant was denied a fair trial and substantial justice due to the trial [c]ourt continuing without a subpoenaed witness that was critical to Defendants claims that [Ms. Moss] regularly picked up her children from a daycare center in an intoxicated and/or drugged state. [sic]
 {¶ 12} "[6.] Appellant was denied a fair trial and substantial justice due to the trial [c]ourt finding that the subject of the 1-800-GRABDUI call was not under the influence of alcohol and/or drugs without any sort of evidence or conclusive test being conducted by the responding officer to the forwarded 1-800-GRABDUI call, despite [p]laintiff's admission that she had been drinking within the period of time in question."
 {¶ 13} Under the first assignment of error, appellant argues that he was denied the effective assistance of counsel in the pretrial proceedings of his bench trial as guaranteed by theFifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16 of the Ohio Constitution. Appellant alleges that he did not receive effective assistance because: (1) counsel combined several unrelated cases against his wishes; (2) counsel refused to interview witnesses; (3) counsel dismissed the motion to suppress after filing it incorrectly and did not refile it; and (4) counsel withdrew from the case.
 {¶ 14} To warrant a reversal on the grounds that appellant was not provided with effective assistance of counsel, he bears the burden of meeting the two-prong test set forth in Stricklandv. Washington (1984), 466 U.S. 668, 687, which states that: "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 15} To determine whether an attorney's performance was deficient, the trial court must inquire whether the attorney provided "reasonably effective assistance, considering all the circumstances." State v. Loza (1994), 71 Ohio St.3d 61, 83, citing Strickland. "A Sixth Amendment violation does not occur `unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.' * * *"State v. Goodwin (1999), 84 Ohio St.3d 331, 334, quoting Statev. Bradley (1989), 42 Ohio St.3d 136, 142. Further, a properly licensed attorney is presumed to be competent, and thus, judicial scrutiny of his or her performance must be highly deferential.Strickland, 466 U.S. at 689. An attorney's strategic decisions and trial tactics will not support a claim of ineffective assistance. State v. Clayton (1980), 62 Ohio St.2d 45, 48-49.
 {¶ 16} Under the second prong of the Strickland test, appellant must show that he was prejudiced. To establish prejudice, he must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at paragraph three of the syllabus; State v. Stojetz (1999),84 Ohio St.3d 452, 457. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v.Bays (1999), 87 Ohio St.3d 15, 27.
 {¶ 17} In the case at bar, appellant claims that his counsel at the trial level was ineffective because he combined several unrelated cases against appellant's wishes. However, appellant has not shown any prejudice arising from counsel's performance of combining four separate cases against appellant's wishes. Moreover, appellant has only appealed one of the four municipal court cases. Thus, after reviewing the partial transcript of the proceedings from the appealed matter, appellant has failed to sufficiently demonstrate any deficiency or prejudice.
 {¶ 18} Appellant next contends that his trial counsel was ineffective for refusing to interview witnesses. Again, based on the partial transcript provided to us on appeal, there is nothing that proves that his counsel refused to interview witnesses or properly investigate the matter. Because appellant has not provided a sufficient transcript of all the evidence relevant to this issue, this court has no other choice but to presume the regularity of the proceedings in the trial court since appellant cannot demonstrate this claimed error. Willoughby v. Eckersley
(June 16, 2000), 11th Dist. No. 99-L-061, 2000 WL 777836, at 3.
 {¶ 19} Appellant also posits that he received ineffective assistance of counsel because his counsel dismissed the motion to suppress after filing it incorrectly and did not refile it. We note that a criminal defendant's constitutional right to effective assistance of counsel does not require an attorney to file a motion to suppress in every case. State v. Madrigal
(2000), 87 Ohio St.3d 378, 389. Instead, "where there exist[s]reasonable grounds for filing a motion to suppress, counsel's failure to file the motion may constitute ineffective assistance and warrant reversal." (Emphasis added.) State v. Payton
(1997), 119 Ohio App.3d 694, 704.
 {¶ 20} To show that his attorney was ineffective for not filing a motion to suppress, appellant must point to instances in the record proving that there was a reasonable probability that but for the failure to file the motion, the result of the proceeding would have been different. State v. Lott (Dec. 26, 1997), 11th Dist. No. 96-A-0011, 1997 WL 799426, at 3.
 {¶ 21} Here, appellant claims that his trial counsel filed an incorrect motion to suppress and then withdrew it, but failed to file another motion to suppress. Yet, it is our position that appellant has failed to demonstrate that his trial attorney's performance was deficient by failing to file a motion to suppress. "`Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.'" State v. Tibbetts (2001),92 Ohio St.3d 146, 166, quoting State v. Gibson (1980),69 Ohio App.2d 91, 95. In the case at hand, after reviewing the record, it is our view that appellant was not prejudiced since he has failed to demonstrate that there was a reasonable probability that the trial court would have granted his motion to suppress if one had been filed or that the outcome of the case would have been different.
 {¶ 22} Appellant lastly asserts that he received ineffective assistance of counsel because his counsel withdrew from the case after advising him to continue on his own. The Code of Professional Responsibility in Ethical Consideration 2-30 advises that the "[f]ull availability of legal counsel requires * * * that lawyers who undertake representation complete the work involved. Trial counsel for a convicted defendant should continue to represent his client by advising whether to take an appeal and, if the appeal is prosecuted, by representing him through the appeal unless new counsel is substituted or withdrawal is permitted by the appropriate court." DR 2-110(A)(2) commands that "a lawyer shall not withdraw from employment until [he] has taken reasonable steps to avoid foreseeable prejudice to the rights of his or her client[.]"
 {¶ 23} In the case sub judice, appellant's first attorney, Stephens, withdrew from the case with permission from the court. His second attorney, Vigorito, was hired on October 1, 2001, and moved the court to withdraw as counsel on December 24, 2001. The trial court granted the motion on December 28, 2001. Thereafter, on January 17, 2002, appellant's third attorney, Marcheskie, began representation. The bench trial did not take place until February 11, 2002, so Marcheskie had over three weeks to prepare. We conclude that appellant was not prejudiced by the withdrawal of his first two attorneys. Accordingly, appellant's first assignment of error lacks merit.
 {¶ 24} For the second assignment of error, appellant posits that he was denied a fair trial because the trial court did not hold the required hearing pursuant to Civ.R. 42(B) on appellant's motion to bifurcate.
 {¶ 25} Preliminarily, we note that generally where the criminal rules address an issue, the Ohio Civil Rules do not apply in criminal cases. State v. Spillman (Jan. 18, 2000), 4th Dist. No. 99 CA 13, 2000 WL 49056, at 2, fn. 2. However, if there is an omission in the criminal rule, the civil rule may apply. Civ. R. 42(A) expressly requires that separate trials can only be taken "after a hearing." See Voinovich v. Ferguson (1992),63 Ohio St.3d 198, 211. Crim.R. 14 states that "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts[.]" Since, Crim.R. 14 does not require that a hearing be held, we will consider that part of Civ.R. 42. Here, the record does not reveal that a hearing was held. Yet, it is our position that the lack of a hearing does not rise to the level of "plain error." Moreover, appellant has not shown that he was prejudiced by having no hearing on his motion to bifurcate or by the trial court's refusal to separate the charges for trial. Appellant's second assignment of error is overruled.
 {¶ 26} In the third assignment of error, appellant maintains that he was denied a fair trial because of the admission of the tape recorded 9-1-1 call to the Garrettsville Police Department. Appellant alleges that the prosecution mistakenly presented the call as a 9-1-1 call, and as a result, his judgment should be reversed under Civ.R. 60(B).
 {¶ 27} As previously mentioned, Civ.R. 60(B), a civil procedure rule, is generally not applicable in this criminal matter. Nevertheless, the trial court has broad discretion in the admission and exclusion of evidence. State v. Hymore (1967),9 Ohio St.2d 122, 128. An abuse of discretion involves more than error in judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 28} After reviewing the partial transcript from the trial, the prosecuting attorney marked the tape recording of the phone call as state's exhibit B. The prosecutor played the tape for the court and questioned Officer Pfeiffer as to the material contained on it. The transcript does not contain the prosecutor's request to admit the tape and evidence, nor does it contain any objection regarding the admission. Again, because there is an insufficient transcript, we have no choice but to presume the regularity of the proceedings in the trial court since appellant cannot demonstrate the claimed error. Eckersley, supra. Appellant's third assignment of error is meritless.
 {¶ 29} For the fourth assignment of error, appellant asserts that he was denied a fair trial and his constitutional rights were violated because of the trial court's limitation on the cross-examination of Officer Pfeiffer.
 {¶ 30} The Confrontation Clause of the Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to * * * be confronted with the witnesses against him * * *" and ensures that a defendant will not be convicted based upon charges of unseen, unknown, and unchallengeable witnesses. Lee v. Illinois (1986),476 U.S. 530, 540. The Sixth Amendment along with the Ohio Rules of Evidence guarantee the right of a criminal defendant to confront the witnesses against him for the biases they may hold. State v.Minier (Sept. 28, 2001), 11th Dist. No. 2000-P-0025, 2001 WL 1149461, at 1-2.
 {¶ 31} A criminal defendant's right to confront and cross-examine a witness is not unlimited. Id., citing Delawarev. Van Arsdall (1986), 475 U.S. 673, 679. A trial court retains "`wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" Id. Thus, "`the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" (Emphasis sic.) Id., quoting Delaware v. Fensterer (1985),474 U.S. 15, 20. Furthermore, the "`constitutional right to cross-examine adverse witnesses does not authorize defense counsel to disregard sound evidentiary rules.'" State v.Amburgey (1987), 33 Ohio St.3d 115, 117. While cross-examination itself is a matter of right, the extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. State v. Green (1993),66 Ohio St.3d 141, 147, citing Alford v. United States (1931),282 U.S. 687, 691.
 {¶ 32} Here, on direct examination, Officer Pfeiffer testified that he responded to the dispatch report of a driver in his area that was suspected of being under the influence of drugs and/or alcohol. After Officer Pfeiffer located the car matching the reported description, he observed the driver, Ms. Moss, pick up her children from the daycare center. According to Officer Pfeiffer's testimony, he followed her vehicle and initiated a stop even though he did not witness her commit any traffic violations. Ms. Moss admitted to have one alcoholic drink and submitted to a HGN field sobriety test. Officer Pfeiffer related that Ms. Moss displayed no signs of being under the influence of alcohol. Ms. Moss then informed Officer Pfeiffer that she was in the middle of a custody battle with appellant for her children and requested a recording of the call. Ms. Moss identified appellant's voice as the caller.
 {¶ 33} On cross-examination, appellant's attorney asked questions challenging the identification of appellant's voice as the one contained on the tape. The prosecutor objected when appellant's attorney questioned Officer Pfeiffer as to whether he recognized appellant's voice as the caller. The trial court sustained the objection and limited the line of questioning because Officer Pfeiffer did not know appellant or his voice. Hence, there was no proper foundation for him to express any opinion on the identification. Based on the foregoing, we conclude that the trial court did not err in sustaining the objection raised by the prosecution. Thus, it is our determination that there was no infringement on appellant's right to confront under the Sixth Amendment. Appellant's fourth assignment of error is without merit.
 {¶ 34} Under his fifth assignment of error, appellant argues that he was denied a fair trial because the trial court proceeded with the trial without the appearance of one of appellant's subpoenaed witnesses that was critical to his claim that Ms. Moss regularly picked up her children from the daycare center in an intoxicated and/or drugged state.
 {¶ 35} The record in the instant matter reveals that appellant filed a subpoena for Marilyn Paul on January 31, 2002. However, without a complete transcript of the proceedings, this court cannot determine whether this witness failed to appear or whether there was any proffer as to the substance of her testimony. We merely have appellant's version of what this witness's testimony may have been. Hence, appellant has failed to show that the trial court abused its discretion. The transcript of proceedings filed with this court is only a partial one and does not demonstrate what occurred with this witness. Therefore, once again, appellant cannot demonstrate the claimed error and we must presume the regularity of the proceedings below. Appellant's fifth assignment of error is not well-founded.
 {¶ 36} In his sixth assignment of error, appellant claims that he was denied a fair trial because of Officer Pfeiffer's determination that Ms. Moss was not under the influence of drugs and/or alcohol. Appellant argues that Officer Pfeiffer failed to give Ms. Moss any conclusive test to determine whether she had been drinking even though there was no basis in the record for him to administer any other tests.
 {¶ 37} Here, appellant was charged with falsification in violation of R.C. 2921.13(A)(2), which states that: "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when * * * [t]he statement is made with purpose to incriminate another." Furthermore, as a general matter, the weight to be given the evidence and the credibility of witnesses are primarily for the trier of fact to decide. State v. DeHass (1967),10 Ohio St.2d 230, 231.
 {¶ 38} In the present matter, the partial transcript revealed that Officer Pfeiffer did not witness Ms. Moss commit any traffic violations, nor did he detect an odor of alcohol on her person. He further explained that he administered the HGN field sobriety test and that there were no indicators of intoxication. The trial court also heard the testimony regarding the ensuing custody battle between appellant and Ms. Moss. After considering all of the evidence presented in the partial transcript, we cannot conclude that the trial court abused its discretion in believing the testimony of Officer Pfeiffer. Appellant's sixth assignment of error is meritless.
 {¶ 39} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Christley, J., O'Neill, J., concur.
[1] Appellant was tried under four separate case numbers. He only appealed his conviction on the falsification charge in case number R2001 CRB 3292. However, at the bench trial, the court also heard the charge of stalking in case number R2001 CRB 3241, the charge of intimidation in case number R2001 CRB 2159, and the charge of menacing in case number R2001 CRB 2098.