OPINION
{¶ 1} Appellant, Christopher G. Harrison, appeals the judgment entered by the Portage County Court of Common Pleas. The trial court granted a motion to dismiss filed by appellee, Registrar, Bureau of Motor Vehicles.
 {¶ 2} In January 1996, Harrison was involved in a motor vehicle accident. As a result, he was convicted of involuntary manslaughter, predicated on the misdemeanor offenses of driving under the influence of alcohol and improper lane change. Harrison was sentenced to a prison term and his driver's license was permanently revoked. This court affirmed his conviction and sentence on appeal.[1]
 {¶ 3} Pursuant to the trial court's judgment entry, appellee sent a notice of driver's license suspension to Harrison. In October 1996, Harrison filed an administrative appeal of appellee's notice of suspension of his driver's license in the Trumbull County Court of Common Pleas.[2] He voluntarily dismissed the action and, then, refiled it in July 1999. Harrison prevailed on his second administrative appeal, as the Trumbull County Court of Common Pleas vacated the suspension of his driver's license.[3] Appellee appealed that judgment to this court. In May 2003, this court reversed the judgment of the Trumbull County Court of Common Pleas, holding that Harrison had not timely appealed the administrative decision of appellee and, thus, the Trumbull County Court of Common Pleas did not have subject matter jurisdiction to hear the administrative appeal.[4]
 {¶ 4} On March 22, 2004, Harrison filed a "petition for writ of audita querela or, in the alternative, writ of coram nobis" with the Portage County Court of Common Pleas, under his original criminal case number. Harrison joined appellee as a party. Appellee filed a motion to dismiss Harrison's petition. In response, Harrison filed a motion to amend his petition to include a motion for relief from judgment pursuant to Civ.R. 60.
 {¶ 5} The trial court granted appellee's motion to dismiss Harrison's petition. In addition, the trial court denied Harrison's motion to amend his petition. The trial court ruled "[t]his is a criminal case. Civ.R. 60(B) does not apply in this situation. Even if it did, this Court finds that such a motion is not well taken."
 {¶ 6} Harrison has timely appealed the judgment of the trial court. He raises the following assignment of error:
 {¶ 7} "The trial court erred in denying petitioner-appellant's motion to amend his petition for writ of audita querela or, in the alternative, writ of coram nobis to add a Civ.R. 60(B) request for relief."
 {¶ 8} "A `writ of error coram nobis' is a `writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact.'"[5] Similarly, the writ of audita querela is "a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise."[6]
This court has previously observed that the writ of coram nobis is no longer recognized in Ohio.[7] Likewise, a writ of audita querela is essentially obsolete.[8]
 {¶ 9} Appellee filed a motion to dismiss Harrison's petition, arguing, in part, that the writs of coram nobis and audita querela were no longer recognized in Ohio. In response, Harrison moved to amend his petition to include a claim for relief under Civ.R. 60, as an alternative argument, should the court find the captioned writs were no longer recognized in Ohio.
 {¶ 10} The trial court held that Civ.R. 60 does not apply because this is a criminal matter. Ohio courts have taken a variety of approaches regarding the application of Civ.R. 60 to criminal proceedings. Some courts have simply held that it does not apply to criminal proceedings.[9] Other courts have ruled that a Civ.R. 60 motion filed in a criminal matter must be treated as motion for postconviction relief.[10] However, for the reasons that follow, we hold Civ.R. 60 may be applied in criminal cases under certain circumstances.
 {¶ 11} "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."[11] Therefore, if the criminal rules address an issue, the civil rules do not apply in criminal matters, but the civil rules may apply where there is no criminal rule on point.[12] As such, courts have held that Crim.R. 57 provides for the application of Civ.R. 60 in criminal cases in some circumstances.[13]
 {¶ 12} Accordingly, in certain circumstances, Civ.R. 60 may be applicable to criminal matters. Thus, the trial court was incorrect in its broad statement that Civ.R. 60 does not apply to criminal matters. However, due to the following analysis, we conclude that Harrison was not entitled to the relief requested, either under Civ.R. 60 or the writs he advanced.
 {¶ 13} Appellee, at the trial court level and on appeal, argues that Harrison's petition is meritless because the ultimate relief sought is precluded by R.C. 4510.54, which provides, in pertinent part:
 {¶ 14} "(A) A person whose driver's or commercial driver's license has been suspended for life under a class one suspension or as otherwise provided by law or has been suspended for a period in excess of fifteen years under a class two suspension may file a motion with the sentencing court for modification or termination of the suspension. The person filing the motion shall demonstrate:
 {¶ 15} "(1) At least fifteen years have elapsed since the suspension began."
 {¶ 16} Harrison's driver's license was revoked in September 1996. Thus, fifteen years have not elapsed since the suspension. However, appellee mischaracterizes the relief requested by Harrison's petition. Harrison was not directly seeking reinstatement of his driver's license. Rather, he was asking the trial court to vacate its prior judgment entry of conviction and sentence. Thus, R.C. 4510.54 is not dispositive of this matter.
 {¶ 17} In his original petition, Harrison argued that subsequent legal authority, Herrington v. Edwards, invalidated his conviction.[14] In the Herrington case, the Sixth Circuit Court of Appeals held that a trial court's incorrect response to a jury's question can be prejudicial in certain circumstances.[15] In his direct appeal, Harrison raised this exact issue, i.e., the trial court's allegedly incorrect response to a jury question. This court found the argument without merit.[16] Since this issue has been previously raised and addressed on its merits, the doctrine of res judicata bars further consideration of it.[17]
 {¶ 18} Harrison contends the Herrington case had not been decided at the time of his original appeal, thus, he was precluded raising it in his argument. This court has previously held:
 {¶ 19} "In considering the issue of the retroactive application of new case law, the Supreme Court of Ohio has stated that any judicial alteration of a criminal rule of law must be applied to any case which is still pending in our state court system.[18] However, once a conviction has become `final' because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case."[19], [20]
 {¶ 20} In addition, the Supreme Court of Ohio has specifically held that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)."[21] While Doe was a civil case, the Supreme Court of Ohio cited it in Ali v. State, where the court held that a criminal defendant is not entitled to the retroactive application of prior case law.[22]
 {¶ 21} As Harrison's case had concluded prior to theHerrington case being decided, he was not entitled the retroactive application of the case.
 {¶ 22} The trial court did not err in denying Harrison's motion to amend his petition. Moreover, the trial court did not err in granting appellee's motion to dismiss Harrison's petition.
 {¶ 23} Harrison's assignment of error is without merit.
 {¶ 24} The judgment of the trial court is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] State v. Harrison (Dec. 19, 1997), 11th Dist. No. 96-P-0240, 1997 Ohio App. LEXIS 5719.
[2] Harrison v. Registrar, Bur. of Motor Vehicles, 11th Dist. No. 2002-T-0095, 2003-Ohio-2546, at ¶ 4.
[3] Id. at ¶ 5.
[4] Id. at ¶ 22.
[5] State v. Burnside, 7th Dist. Nos. 01-CA-215, 01-CA-216, 2002-Ohio-5216, at ¶ 3, fn. 1, quoting Black's Law Dictionary (7 Ed.Rev. 1999) 338.
[6] Black's Law Dictionary (6 Ed.Rev. 1991) 131.
[7] State v. Raimer (Dec. 24, 1998), 11th Dist. No. 97-G-2120, 1998 Ohio App. LEXIS 6269, *14, citing State v.Perry (1967), 10 Ohio St.2d 175, 180.
[8] See, e.g., State v. Lee (June 19, 1997), 7th Dist. No. 95-B.A.-58, 1997 Ohio App. LEXIS 2637, at *81-0, quoting Rowlandv. Finkel (1987), 33 Ohio App.3d 77.
[9] See State v. Bluford, 8th Dist. No. 83112, 2003-Ohio-6181, at ¶ 15.
[10] State v. Szerlip, 5th Dist. No. 02CA45, 2003-Ohio-6954, at ¶ 22.
[11] Crim.R. 57(B).
[12] State v. Belnap, 11th Dist. No. 2002-P-0021,2004-Ohio-5636, at ¶ 25. See, also, e.g., State v. Bush, 11th Dist. No. 97-T-0035, 1998 Ohio App. LEXIS 427, at *4, fn.1.
[13] See State v. Plassman, 6th Dist. No. F-03-017, 2004-Ohio-279, at ¶ 7; State v. Lehrfeld, 1st Dist. No. C-030390, 2004-Ohio-2277, at ¶ 7; See, also, e.g., State v.Bush, at *4, fn.1.
[14] See Herrington v. Edwards (C.A.6 1999), 1999 U.S. App. LEXIS 1220.
[15] Id. at *10.
[16] State v. Harrison, 1997 Ohio App. LEXIS 5719, at *7-11.
[17] See State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
[18] State v. Evans (1972), 32 Ohio St.2d 185, 187.
[19] See State v. Spaulding (Apr. 10, 1991), 9th Dist. No. 14710, 1991 Ohio App. LEXIS 1706.
[20] Olds v. State, 11th Dist. No. 2003-A-0129, 2004-Ohio-1848, at ¶ 3.
[21] Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, syllabus.
[22] Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592, at ¶5-6.