OPINION
{¶ 1} Appellant, Harley D. Hermison, appeals from the judgment of the Trumbull County Court of Common Pleas dismissing his motion for relief from judgment pursuant to Civ. R. 60(B) and Crim. R. 57(B). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On February 19, 1993, Hermison was indicted by the Trumbull County Grand Jury on 13 counts as follows: count one, abduction in violation of *Page 2 
R.C. 2905.02(A)(2); count two, attempted felonious assault in violation of R.C. 2923.02; count three, kidnapping in violation of R.C. 2905.01; count four, attempted rape in violation of R.C. 2923.02; counts five, six, seven, eight, nine, ten, eleven and twelve, rape in violation of R.C. 2907.02(A)(1)(b); and count thirteen, aggravated robbery in violation of R.C. 2911.01(A)(2).
 {¶ 3} Prior to the commencement of a jury trial, count ten of the indictment was dismissed by the prosecution. The jury returned verdicts of guilty on all 12 remaining counts. The trial court sentenced Hermison as follows: five to 10 years in prison on counts one and two; 10 to 25 years in prison on count three; eight to 15 years in prison on count four; life imprisonment on counts five, six, seven, eight, nine, eleven, and twelve; and 10 to 25 years in prison on count thirteen. Further, the trial court noted that "all sentences on all counts to run consecutive to each other, for a total of 28 to 60 years, to run consecutively to each of the seven life sentences, and consecutively to the ten (10) to twenty-five (25) years on Ct. 13, the last count of the indictment * * *."
 {¶ 4} Hermison appealed his conviction and sentence, and this court, in State v. Hermison (May 26, 1995), 11th Dist. No. 93-T-4930, 1995 Ohio App. LEXIS 2210, at *20, affirmed the judgment of the trial court.
 {¶ 5} Subsequently, Hermison filed two motions to reopen his appeal alleging ineffective assistance of appellate counsel, pursuant to App. R. 26(B). Both of Hermison's motions were denied by this court.
 {¶ 6} On July 6, 2007, Hermison filed a motion for relief from the sentence imposed by the trial court pursuant to Civ. R. 60(B) and Crim. R. 57(B) based on *Page 3 
ineffective assistance of trial and appellate counsel. The trial court, on July 24, 2007, denied Hermison's motion.
 {¶ 7} Hermison filed a timely notice of appeal and, as his first assignment of error, asserts the following:
 {¶ 8} "The trial court abused its discretion and erred to the prejudice of the defendant in denying his Civ. R. 60(B) and Crim. R. 57(B) motion as a delayed post conviction guided by R.C. 2953.21."
 {¶ 9} We note that an array of approaches have been taken by Ohio courts when determining the applicability of Civ. R. 60 to criminal proceedings. Some Ohio courts have held that Civ. R. 60 is not applicable to criminal proceedings, while other Ohio courts have determined that a motion pursuant to Civ. R. 60, when filed in a criminal matter, is to be treated as a motion for postconviction relief. State v. Harrison, 11th Dist. No. 2004-P-0068, 2005-Ohio-4212, at ¶ 10.
 {¶ 10} This court has held that, under certain circumstances, Civ. R. 60 may be applied to criminal matters. In addressing the issue, we have stated:
 {¶ 11} "`If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.' * * * Therefore, if the criminal rules address an issue, the civil rules do not apply in criminal matters, but the civil rules may apply where there is no criminal rule on point. * * * As such, courts have held that Crim. R. 57 provides for the application of Civ. R. 60 in criminal cases in some circumstances. * * *." State v. Harrison, supra, at ¶ 11. (Internal citations omitted.) *Page 4 
 {¶ 12} With respect to filing a Civ. R. 60(B) motion for relief from judgment, this court has determined that a Civ. R. 60(B) motion for relief from judgment may be filed in connection with the trial court's denial of a petition for postconviction relief. State v. Jones, 11th Dist. No. 2001-A-0072, 2002-Ohio-6914, at ¶ 10.
 {¶ 13} In State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, at ¶ 12, the Supreme Court of Ohio stated that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." (Citations omitted.) Relying upon State v. Reynolds (1997), 79 Ohio St.3d 158, 160, the Schlee Court determined that the appellant's Civ. R. 60(B) motion could have been filed as a petition for postconviction relief since it "was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him." Id.
 {¶ 14} R.C. 2953.21, which governs petitions for postconviction relief, states, in pertinent part:
 {¶ 15} "(A)(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
 {¶ 16} R.C. 2953.23 permits an untimely petition if both of the following apply:
 {¶ 17} "(A)(1)(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States *Page 5 
Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 19} In the instant case, Hermison filed his motion for relief subsequent to the filing of his direct appeal. Hermison seeks vacation of the judgment imposed based on the violation of his constitutional rights, specifically his Sixth Amendment right to counsel. Further, Hermison has not previously filed a petition for postconviction relief. Since Hermison's motion meets the definition of a petition for postconviction relief, as specified in R.C. 2953.21, application of the civil rules would not be appropriate in the instant situation. Accordingly, since Hermison's motion does not meet the conditions as set forth in R.C. 2953.23, it is time-barred pursuant to R.C. 2953.21.
 {¶ 20} Based on the foregoing, the trial court properly determined Hermison's motion was "a veiled Motion for Delayed Post Conviction Relief." Hermison's first assignment of error is without merit.
 {¶ 21} Hermison's second assignment of error states:
 {¶ 22} "The trial court abused its discretion, [sic] and erred to the prejudice of the defendant in not reviewing the appellants [sic] assertions of appellate counsels [sic] ineffective assistance under Civ. R. 60(B) and Crim. R. 57(B)." *Page 6 
 {¶ 23} Hermison has filed, on two separate occasions, applications to reopen his appeal based on ineffective assistance of appellate counsel, pursuant to App. R. 26(B). This court, in a June 1997 judgment entry, denied Hermison's application to reopen based on App. R. 26(B)(1). This court, in March 2006, again denied Hermison's application to reopen based on the doctrine of res judicata and that it was not timely filed.
 {¶ 24} In his motion filed with the trial court, Hermison, yet again, alleged ineffective assistance of appellate counsel. The trial court, in denying Hermison's motion, stated, "[t]o the extent that Defendant argues that his appellate counsel was ineffective, this Court agrees with the State that it is without jurisdiction to hear that claim no matter how many times it is brought, and untimely as it may be."
 {¶ 25} The trial court was correct in its determination that it had no authority to examine Hermison's claim of ineffective assistance of appellate counsel since it was obligated to comply with the mandate of this court. "* * * [T]he [law of the case] doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984),11 Ohio St.3d 1, 3. (Citations omitted.)
 {¶ 26} In addition, as stated under Hermison's first assignment of error, his motion for relief pursuant to Civ. R. 60(B) and Crim. R. 57(B) was to be construed as a petition for postconviction relief. However, "claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21."State v. Murnahan (1992), 63 Ohio St.3d 60, 65. See, also, Morgan v.Eads, 104 Ohio St.3d 142, 2004-Ohio-6110, at ¶ 6. *Page 7 
 {¶ 27} Hermison's second assignment of error is not well-taken.
 {¶ 28} In his third assignment of error, Hermison alleges:
 {¶ 29} "The trial court abused its discretion and erred to the prejudice of the defendant in not ruling on the merits, finding res judicata."
 {¶ 30} In his motion for relief, Hermison points to numerous grounds as to why both his trial and appellate counsel were ineffective. However, the claims of ineffective assistance of trial and appellate counsel are barred by the doctrine of res judicata.
 {¶ 31} "[Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Brick Processors, Inc. v. Culbertson (1981),2 Ohio App.3d 478, paragraph one of the syllabus. As stated by the Supreme Court of Ohio in State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus:
 {¶ 32} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis in original.)
 {¶ 33} We recognize that in Hermison's direct appeal to this court, his appellate counsel was different than his trial counsel. Moreover, Hermison did not raise ineffective assistance of trial counsel in his direct appeal. Therefore, Hermison's claim of ineffective assistance of trial counsel is barred by the doctrine of res judicata since he could have raised the issue on his direct appeal. *Page 8 
 {¶ 34} We further acknowledge that "`"[o]nce ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation."'" State v. Twyford, 106 Ohio St.3d 176, 2005-Ohio-4380, at ¶ 6. (Citations omitted.) Since this court has, on two previous occasions, denied Hermison's application to reopen pursuant to App. R. 26(B), his claim for ineffective assistance of appellate counsel is barred by the doctrine of res judicata.
 {¶ 35} As such, Hermison's third assignment of error is not well-taken.
 {¶ 36} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1