OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Alonzo A. Burt, filed August 1, 2007. On September 5, 2006, Burt was indicted on one count of importuning, one count of possession of criminal tools, and one count of attempting to commit unlawful sexual conduct with a minor. Burt pled not guilty on September 7, 2006. On October 31, 2006, Burt *Page 2 
pled guilty to one count of attempting to commit unlawful sexual conduct with a minor, in violation of R.C. 2923.02(A) and2907.04(A)(B)(3), a felony of the fourth degree. The two remaining counts were dismissed. On December 5, 2006, the trial court sentenced Burt to 12 months in prison and designated him a sexually oriented offender.
 {¶ 2} On January 26, 2007, Burt filed a motion for judicial release, which the State opposed. Attached to the motion is a letter from Burt's mother to the court, along with pictures of Burt's parents and his seven brothers. The trial court overruled the motion on February 28, 2007.
 {¶ 3} On May 22, 2007, Burt filed a pro se "Motion to Withdraw Guilty Plea and Relief of Judgment, Pursuant to Civ. R. 60," which incorrectly states in part, "the defendant entered a plea, stating that he was guilty of Unlawful Sexual Conduct with a Minor." The State opposed the motion, and the trial court overruled it on June 20, 2007.
 {¶ 4} In its Decision overruling the motion, the visiting judge noted that Burt pled guilty to Attempted Unlawful Sexual Conduct with a Minor, noting Burt's mistaken belief that he entered a plea to Unlawful Sexual Conduct with a Minor, and not the lesser offense of Attempt. The court noted that it reviewed the videotape recording of Burt's plea, concluding that the trial court "methodically and meticulously, went over the defendant's constitutional rights; what he was pleading to; the possible penalties; his obligations as a Sexually Oriented Offender; and Post Release Control. The Court clearly stated for the record that the defendant was entering a plea to Count 3 (F-4) and that Counts 1 and 2 were being dismissed. He advised the defendant on three separate occasions of what he was pleading to, Attempted Unlawful Sexual ConductWith A Minor, an F-4, and its possible penalty of 6 to 18 months. The *Page 3 
Prosecutor also read back the indictment indicating that the defendant was pleading to the above offense[,] a Felony of the Fourth Degree. When given an opportunity to question the Court on the charges he was pleading to, the defendant made no response."
 {¶ 5} The court concluded, "there was no confusion that the defendant was pleading to Attempted Unlawful Sexual Conduct With A Minor, * * * ." According to the court, "the defendant understood the nature of the offense and its possible penalties and entered his plea voluntarily and in open court. Defendant's Motion to Withdraw his Plea is denied. Defendant's Motion for Relief from Judgment, pursuant to Civ. R. 60 is also denied."
 {¶ 6} Burt asserts two assignments of error. His first assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA."
 {¶ 8} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1. "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. Absent an abuse of that discretion, an appellate court will not interfere with the trial court's decision. (Internal citation omitted). An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court." (Internal citation omitted).State v. Reed (Oct. 5, 2001), Clark App. No. 01CA0028.
 {¶ 9} Burt argues that he "did not understand the nature of the charge to which he was pleading," in violation of Crim. R. 11(C)(2)(a) and (b), resulting in a manifest injustice.
 {¶ 10} "The manifest injustice standard demands a showing of extraordinary *Page 4 
circumstances. Further, the defendant has the burden to prove the existence of manifest injustice.
 {¶ 11} "The term injustice is defined as `the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual.' `A manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
 {¶ 12} "Crim. R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ. R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ. R. 60(B) relief is not a substitute for appellate review of prejudicial error. We believe that the same bar reasonably applies to Crim. R. 32.1.
 {¶ 13} "Failure to comply with the requirements of Crim. R. 11(C) when taking a plea is a defect that may be subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. * * * [A] court's failure to comply with the requirements of Crim. R. 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim. R. 32.1 relief." State v. Wheeler, Montgomery App. No. 18717, 2002-Ohio-284 ("Wheeler's first argument focuses on the trial court's failure to have complied with Crim. R. 11 (C), which can be determined from the record, and was therefore properly the subject of a direct appeal from the sentencing. Because this issue either was raised and was resolved adversely to Wheeler in a direct appeal, or could have been, he is barred by res judicata from raising it now.") *Page 5 
 {¶ 14} In Wheeler, we did examine the record before us, and we will do so herein. In Wheeler we concluded that the trial court complied with the requirements of Crim. R. 11(C), noting, "`Ohio Crim. R. 11(C) was adopted to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.'"Wheeler, quoting State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474.
 {¶ 15} Crim. R. 11(C)(2)(a) and (b) provide: "In felony cases the court may refuse to accept a plea of guilty * * * , and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 16} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 17} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * , and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 18} "Strict compliance with the provisions of CrimR. 11(C) is not required; `substantial compliance' with the rule is sufficient."Wheeler.
 {¶ 19} Having reviewed a DVD recording of Burt's plea, we agree with the trial court that there was no confusion on the part of Burt when he pled guilty to attempted unlawful sexual conduct with a minor. The record reveals that Burt was 40 years old at the time of his plea, and that he attended two years of college at Akron University. The trial court personally addressed Burt, carefully going over the Waiver and Plea Form in detail, ascertaining Burt's understanding *Page 6 
along the way and instructing Burt to ask any questions he might have. The court explained the nature of the offense to which Burt was pleading and the possible penalties, and Burt indicated that his attorney had done so as well. The court explained to Burt that he would be designated as a sexually oriented offender, and that the designation would require registration for a period of 10 years. The court advised Burt that by entering his plea, he was admitting to the offense of attempted unlawful sexual conduct with a minor. The court explained Burt's constitutional rights in detail and remained open to questions. Burt asked none, signed the Waiver and Plea Form, indicating that he was entering a plea of guilty to the offense of attempted unlawful sexual conduct with a minor, a felony of the fourth degree. The court found Burt's plea voluntary.
 {¶ 20} Having reviewed the record, and there being no abuse of discretion, Burt's first assignment of error is overruled.
 {¶ 21} Burt's second assignment of error is as follows:
 {¶ 22} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO GRANT APPELLANT RELIEF UNDER CIVIL RULE 60(B)."
 {¶ 23} According to Burt, the "trial court did not consider whether this civil rule was a proper method for Appellant to make his claim. * * * The argument in this error is the same argument as found in assigned error number one. Appellant, therefore, requests that this court reverse the ruling and remand the cause for further proceedings. * * * Rule 60(B) can be utilized under special circumstances, but there must be no available procedure specifically provided by the criminal rules."
 {¶ 24} The State responds, "Burt's assignment of error is based on the argument that the *Page 7 
trial court erred in not allowing him to withdraw his guilty plea. As such, because the motion was available to him under the criminal rules, and he, in fact, utilized it, a similar motion under the civil rules was not available to him. Accordingly, because Crim. R. 32.1 contained the specific, proper procedure to withdraw a guilty plea, to the extent that Burt relied upon Civ. R. 60(B) to withdraw his plea, that reliance is misplaced."
 {¶ 25} The Supreme Court of Ohio recently considered the proper application of Civ. R. 60(B) in criminal matters as follows: "The courts of appeals in Ohio have crossed the intersection of Civ. R. 60(B) and Crim. R. 57(B) in both directions. See e.g., State v. Israfil (Nov. 15, 1996), Montgomery App. No. 15572, 1996 WL 665006, *1 (`Civ. R. 60(B) has no application to judgments in criminal cases'); State v. Johnson (Jan. 17, 2002), Richland App. No. 01-CA-88, 2002 WL 110571, *1 (`the civil rules do not apply in criminal cases'); State v. Plassman, Fulton App. No. F-03-017, 2004-Ohio-279, 2004 WL 103016, ¶ 7 (`Civ. R.60(B) is available in criminal cases for certain procedures that were not anticipated by the criminal rules'); State v. Wooden, Franklin App. No. 02AP-473, 2002-Ohio-7363, 2002 WL 31894921, ¶ 8 (`Crim. R. 57(B) permits a court to look to the rules of civil procedure if no applicable rule of criminal procedure exists')." The Supreme Court of Ohio determined, "the plain language of Crim. R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists." State v. Schlee (2008),117 Ohio St.3d 153, 882 N.E.2d 431, 2008-Ohio-545, ¶¶ 9-10.
 {¶ 26} Crim. R. 57(B) provides, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal *Page 8 
procedure exists."
 {¶ 27} Civ. R. 60(B) provides for relief from judgment based upon "(1) mistake, inadvertence, surprise or excusable neglect * * * or (5) any other reason justifying relief from the judgment." Burt's motion did not identify the grounds upon which he sought Civ. R. 60(B) relief; his motion asks the court to "grant the withdrawal of the guilty plea and the Relief from the Judgment of this Court, and correct this miscarriage of justice."
 {¶ 28} In Schlee, the defendant was convicted of aggravated murder, and his conviction and sentence were affirmed on appeal. Schlee filed two petitions for post-conviction relief, which were denied, and then he filed a motion for a new trial, which was granted. Schlee was again convicted of aggravated murder, and his conviction and sentence were affirmed on appeal. Schlee then filed a motion for relief from judgment, pursuant to Civ. R. 60(B), alleging prosecutorial misconduct in both of his trials and arguing that he had been subjected to double jeopardy.
 {¶ 29} The trial court treated Schlee's motion as a petition for post-conviction relief pursuant to R.C. 2953.21, dismissing it as untimely, and the trial court's decision was affirmed on appeal. The Supreme Court of Ohio declined to accept jurisdiction of the appeal, but subsequently determined that a conflict existed between the Eleventh and First Districts, and it proceeded to consider the following certified question: "`Whether the trial court can recast [a]ppellant's Motion for Relief From Judgment as a petition for postconviction relief when it has been unambiguously presented as a Civil Rule 60(B) [motion].'"
 {¶ 30} The Supreme Court of Ohio began its analysis by noting, "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which *Page 9 
the motion should be judged." Id., at ¶ 12. The Court referred to an earlier decision where it "concluded that a motion styled `Motion to Correct or Vacate Sentence' met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it was `(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.'" Id. The Court went on to find that Schlee's motion was "filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him," concluding, Schlee's motion "could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim. R. 57(B) intends, because a procedure `specifically prescribed by rule' exists, i.e. Crim. R. 35."
 {¶ 31} Herein, Burt sought to withdraw his guilty plea, and, as inSchlee, a procedure to withdraw a guilty plea exists in Crim. R. 32.1, and it is not necessary to look to the Civil Rules for guidance pursuant to Crim. R. 57(B).[1] Burt cannot escape the mandates of Crim. R. 32.1 through resort to Civ. R. 60(B) in order to withdraw his plea.Schlee; State v. Hermison, Trumbull App. No. 2007-T-0084, 2008-Ohio-2918
(holding the trial court properly determined defendant's Civ. R. 60(B) motion was merely "a veiled Motion for Delayed post Conviction Relief")
 {¶ 32} There being no merit to Burt's second assignment of error, it is overruled. *Page 10 
Judgment affirmed.
WOLFF, P.J. and BROGAN, J., concur.
[1] We note, as in Wheeler, since Burt's argument focuses on the trial court's alleged failure to have complied with Crim. R. 11(C), which can be determined from the record, Burt's argument was properly the subject of a direct appeal from the sentencing. *Page 1